**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

EDWARD BERNARD S.[1],                              Case No. 1:18-cv-601
    Plaintiff,                              Barrett, J.
                                                Litkovitz, M.J.

        vs.

COMMISSIONER OF                              **REPORT AND**
SOCIAL SECURITY,                              **RECOMMENDATION**
    Defendant.

This matter is before the Court on plaintiff's counsel's "Application to Charge and Collect a Fee for Representation Before the Social Security Administration" (Doc. 27), as amended (Doc. 28), and the Commissioner's response stating that the Commissioner does not oppose the requested fee. (Doc. 29).

In his initial application, plaintiff's counsel requested payment in the amount of $16,890.50 for 45.65[2] hours of work performed at all levels of review, with $4,500 to be returned to plaintiff consistent with such amount having been previously paid under the Equal Access to Justice Act (EAJA). (Doc. 27). In the amendment, plaintiff's counsel requests payment of $8,557.40 for only the 27.4 hours of work performed before this Court pursuant to 42 U.S.C. 406(b). (Doc. 28, 28-1). According to the Commissioner's response, this amount represents 25 percent of plaintiff's past-due benefits ($18,557.40)[3] less $10,000 "previously awarded . . . for representation before the agency pursuant to 42. U.S.C. § 406(a)." (Doc. 29 at PAGEID 1172).

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.
[2] The body of the application references 46.65, but the supporting itemization uses the 45.65 figure. (*Compare* Doc. 27 at PAGEID 1150 *with* Doc. 27-1 at PAGEID 1156).
[3] *See* Doc. 27-2 at PAGEID 1161.

Like the Commissioner, the Court understands plaintiff's counsel's amended application to clarify or correct (as opposed to supersede) his initial application and exhibits.

Pursuant to 42 U.S.C. § 406(b)(1)(A), a court may award a prevailing claimant's attorney a reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant for work done in a judicial proceeding.  42 U.S.C. § 406(b)(1)(A).  *See Horenstein v. Sec'y of H.H.S.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc) (court may award fees only for work performed before the court, and not before the Social Security Administration).  Fees are awarded from past-due benefits withheld from the claimant by the Commissioner and may not exceed 25 percent of the total past-due benefits.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002).

In determining the reasonableness of fees under § 406(b), the starting point is the contingency fee agreement between the claimant and counsel.  *Gisbrecht*, 535 U.S. at 807. When a claimant has entered into a contingency fee agreement entitling counsel to 25 percent of past-due benefits awarded, the Court presumes, subject to rebuttal, that the contract is reasonable.  *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc).  Within the 25 percent boundary, the attorney for the claimant must show that the fee sought is reasonable for the services rendered.  *Gisbrecht*, 535 U.S. at 807.  The Court should consider factors such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney was responsible for any delay, and the attorney's normal hourly billing rate for noncontingent fee cases.  *Id.* at 808.  *See also Rodriquez*, 865 F.2d at 746.  Additionally, the Court should consider instances of improper conduct or ineffectiveness of counsel; whether counsel would enjoy a windfall because of either an inordinately large award or from minimal effort expended; and the degree of difficulty of the case.  *Hayes v. Sec'y of H.H.S.*, 923 F.2d 418,

422 (6th Cir. 1990); *Rodriquez*, 865 F.2d at 746.  An award of 25 percent of past-due benefits

may be appropriate where counsel has overcome legal and factual obstacles to enhance the

benefits awarded to the client; in contrast, such an award may not be warranted in a case

submitted on boilerplate pleadings with no apparent legal research.  *Rodriquez*, 865 F.2d at 747.

An award of fees under § 406(b) is not improper merely because it results in an above-

average hourly rate.  *Royzer v. Sec'y of H.H.S.*, 900 F.2d 981, 981-82 (6th Cir. 1990).  As the

Sixth Circuit has determined:

> It is not at all unusual for contingent fees to translate into large hourly rates if the
> rate is computed as the trial judge has computed it here [by dividing the hours
> worked into the amount of the requested fee].  In assessing the reasonableness of a
> contingent fee award, we cannot ignore the fact that the attorney will not prevail
> every time.  The hourly rate in the next contingent fee case will be zero, unless
> benefits are awarded.  Contingent fees generally overcompensate in some cases and
> undercompensate in others.  It is the nature of the beast.

*Id*.  "[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and

a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be

reasonable."  *Hayes*, 923 F.2d at 422.  *See also Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309

(6th Cir. 2014).

Here, the fee of $8,557.40 that plaintiff's counsel requests falls within the 25 percent

boundary.  Thus, the issue is whether the requested fee is reasonable.  *Gisbrecht*, 535 U.S. at

807.  Plaintiff's counsel has submitted an itemized billing sheet showing that he performed a

total of 27.4 hours of work on the case in this Court.  (Doc. 20 at 4).  Plaintiff's counsel has also

submitted a copy of the contingency fee agreement he entered into with plaintiff, under which

plaintiff agreed to his counsel a contingency fee of 25 percent of past-due benefits.  (*Id*. at 5).

Dividing the $8,557.40 requested by plaintiff's counsel by the 27.4 hours plaintiff's

counsel worked on the case before this Court yields a hypothetical hourly fee of $312.31.  In

determining whether plaintiff's counsel "would enjoy a windfall because of either an inordinately large benefit or from minimal effort expended," *Hayes*, 923 F.2d at 420-21 (quoting *Rodriquez*, 865 F.2d at 746), the Court notes that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Id.* at 422.  As the Sixth Circuit explained in *Hayes*:

> [A] multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.
> . . . .
>
> A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis.  It provides a floor, below which a district court has no basis for questioning, under the second part of *Rodriquez*'s windfall rule for "minimal effort expended," the reasonableness of the fee.

*Id*.

The "Fee Agreement Federal Court Appeal" attached to plaintiff's initial application references an hourly rate of $370 per hour.  (Doc. 27-1 at PAGEID 1157).  The $312.31 hypothetical hourly rate is well below twice plaintiff's counsel's standard rate and rates previously approved by the Court for comparable work in the relevant market.  *See, e.g.*, *Martin v. Comm'r of Soc. Sec.*, No. 3:13-cv-336, 2017 WL 443137, at *2 (S.D. Ohio Feb. 2, 2017) (hypothetical hourly rate of $690.10 for 19.2 hours of work), *adopted sub nom. Martin v. Berryhill*, 2017 WL 680646 (S.D. Ohio Feb. 21, 2017); *Havens v. Comm'r of Soc. Sec.*, No. 2:12-cv-637, 2014 WL 5308595, at *1-2 (S.D. Ohio Oct. 16, 2014) (hypothetical hourly rate of $825.13 for 24.75 hours of work), *report and recommendation adopted*, 2014 WL 6606342 (S.D. Ohio Nov. 20, 2014).  Therefore, the requested fee of $8,557.40 does not constitute a windfall to

4

plaintiff's counsel.  *Hayes*, 923 F.2d at 422.  The Court notes that plaintiff's counsel did not

unduly delay the resolution of this matter, and he achieved an excellent result in this case by

obtaining a favorable disability determination with back pay benefits in the amount of

$74,229.50.[4]  Further, plaintiff voluntarily entered into the contingency fee agreement with

plaintiff's counsel and plaintiff's counsel assumed the risk of non-payment.  The Commissioner

does not oppose the fee request.  (Doc. 29).  Having reviewed plaintiff's counsel's § 406(b) fee

request in light of these considerations, the Court finds that a fee of $8,557.50 is reasonable for

the work plaintiff's counsel performed in this Court.

Plaintiff's counsel has acknowledged that any award of fees under § 406(b) must be

offset by the previous award of EAJA fees in the amount of $4,500.00 (Doc. 26), as required

under *Jankovich v. Bowen*, 868 F.2d 867, 871 and n.1 (6th Cir. 1989) (recognizing that while a

claimant may be awarded fees under both the EAJA and the Social Security Act, "any funds

awarded pursuant to the EAJA serve as reimbursement to the claimant for fees paid out of his or

her disability award to his or her counsel" and should be awarded to the client).  (*See* Doc. 27 at

PAGEID 1150).

**IT IS THEREFORE RECOMMENDED THAT**:

1.  Plaintiff's counsel's application (Doc. 27), as amended (Doc. 28), be **GRANTED** in

    the amount of $8,557.50 under 42 U.S.C. § 406(b); and

---

[4] The Notice of Award (Doc. 27-2 at PAGEID 1159-64) does not reflect the amount of back pay referenced by plaintiff's counsel (Doc. 27 at PAGEID 1150), but it does reflect that Social Security withheld $18,557.40 from the past due benefits for representative fees.  When figured as 25 percent, $18,557.40 yields a total back benefit of $74,229.60, which is ten cents more than represented by counsel.  Given the Commissioner's assent to the fees requested, the Court assumes that plaintiff's counsel's figure is correct.

2.  Plaintiff's counsel be **ORDERED** to remit $4,500.00 of this sum directly to plaintiff

upon receipt.

Date: 9/1/2022

Karen L. Litkovitz
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

EDWARD BERNARD S.,
    Plaintiff,

Case No. 1:18-cv-601

Barrett, J.

Litkovitz, M.J.

vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).